IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :

    v.  :  CRIMINAL NO. 1:CR-01-275-01

WAYNE SCOTT,  :
    Defendant


TRANSCRIPT OF PROCEEDINGS

SENTENCING

Before:  Hon. Yvette Kane, Judge

Date:    June 19, 2003

Place:   Courtroom No. 4
        Federal Building
        Harrisburg, Pa.

FILED
HARRISBURG, PA
AUG 25 2003
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

COUNSEL PRESENT:

    DENNIS C. PFANNENSCHMIDT, Assistant U.S. Attorney

        For - Government

    LENORA M. SMITH, Esquire

        For - Defendant


Monica L. Zamiska, RPR
Official Court Reporter

1              MR. PFANNENSCHMIDT:  Good morning, Your Honor.

2              THE COURT:  Good morning, Mr. Pfannenschmidt.

3              MS. SMITH:  Good morning, Your Honor, and I do

4    apologize.  I did not have this down.  I goofed at my office.

5    I was on my way to the gym, so I'm glad somebody caught me or

6    I would have been in real trouble.

7              THE COURT:  Maybe you can go afterwards.

8              MS. SMITH:  I need to go afterwards, thank you.

9    Thank you, Your Honor.

10             THE COURT:  All right, Mr. Pfannenschmidt.

11             MR. PFANNENSCHMIDT:  Your Honor, this is the matter

12   of the United States v. Wayne Scott.  The number is

13   1:CR-01-275-1.  Mr. Scott had previously entered a plea of

14   guilty to two charges, they being conspiracy, the first count

15   of the indictment, and falsifying a firearms transaction,

16   which was the second count of the indictment.  A presentence

17   report has been prepared, and he is present for sentencing at

18   this time with Miss Smith, his counsel.

19             THE COURT:  Miss Smith, are you ready to go forward

20   with sentencing in this case?

21             MS. SMITH:  Yes, Your Honor.

22             THE COURT:  Do you have the presentence report

23   reflecting a total offense level of 27, a criminal history

24   category of IV and a guideline range of 100 to 125 months?

25             MS. SMITH:  I did get a copy of the presentence

1    report at the time that it was done.  That's what it was my

2    client says.

3         THE DEFENDANT:  Yes, ma'am.

4         THE COURT:  I note no objections to the guideline

5    calculations.

6         MS. SMITH:  There wasn't any, Your Honor.

7         THE COURT:  All right, good, and I understand that

8    the government has a motion for downward departure.

9         MR. PFANNENSCHMIDT:  Yes, Your Honor.

10        THE COURT:  Let's hear that first.

11        MR. PFANNENSCHMIDT:  Your Honor, the basis for the

12   departure motion is that Mr. Scott, and I actually should

13   note that the number of continuances in this case have been

14   for his cooperation in the case noted in the government's

15   motion, which was the United States v. Tyrone Smith, which

16   was a drug case.  That was heard before Judge Rambo at the

17   end of April, beginning of May, and Mr. Scott did in fact

18   testify in that case.  Mr. Behe from our office was the

19   prosecutor in the case, and he informs me that Mr. Scott's

20   testimony was true and accurate and was a factor in the

21   conviction of Mr. Smith.  So that is essentially the basis

22   for the motion today.

23        THE COURT:  All right.  Do you want to speak to the

24   motion for downward departure at all, Miss Smith?

25        MS. SMITH:  Your Honor, we would ask that you grant

```
 1    the downward departure motion.  Mr. Scott did this
 2    voluntarily.  He just happened to come across some
 3    information while he was in prison.  He didn't know Mr. Smith
 4    before he was incarcerated.  And we would ask that you would
 5    grant the downward departure.
 6              THE COURT:  I'm going to grant the motion.  I have
 7    some details of the offense about which Mr. Scott has
 8    testified and another defendant cooperated in that case, and
 9    through testimony that was given regarding his motion for
10    downward departure I received some information about the
11    seriousness of the offense and the very dangerous nature of
12    the man against whom Mr. Scott has testified.  The other man
13    who testified against him was threatened, as was his family
14    and young children.  So I know that Mr. Scott has testified
15    with some risk to himself, and judging from the outcome of
16    that case that the information he gave was truthful and
17    important and timely.  So the government's motion will be
18    granted.
19              Miss Smith, with respect to sentencing based on the
20    downward departure motion is there anything you want to say
21    on behalf of Mr. Scott?
22              MS. SMITH:  Anything you want to say?
23              THE DEFENDANT:  Your Honor, I want to say
24    something.  First of all, I'd like to thank the combined
25    efforts of the federal government, Prosecutor Behe, yourself.
```

1  I'm a firm believer that when things are broke, they need to
2  be broken down and be fixed, and I was living a broken life
3  for a long time, and this incarceration right here has helped
4  me come to find out what it means to be actually broken down
5  because I have been locked up before, and I came home and
6  still was living the same broken type of life. But this time
7  right here I found God, and I found out what it really meant
8  to be broken down and fixed up. So I accept anything -- I
9  accept my punishment as given to me today. Thank you.
10             THE COURT: Thank you. Anything else on half of
11 Mr. Scott?
12             MS. SMITH: No, Your Honor.
13             THE COURT: Mr. Pfannenschmidt.
14             MR. PFANNENSCHMIDT: Your Honor, the only thing I
15 would just add, it would just simply be to ask the Court to
16 dismiss the remaining counts of the indictment which would be
17 Counts 3 and 4.
18             THE COURT: All right.
19             MR. PFANNENSCHMIDT: Thank you.
20             THE COURT: Let's look at the guideline calculation
21 with the government's motion for downward departure. The
22 range now is 100 to 125 months, and then with a 3 level
23 depart we go to, what is it, Mr. Pfannenschmidt?
24             MR. PFANNENSCHMIDT: Seventy-seven to 96 months,
25 Your Honor.

1    THE COURT:  All right.  I'm going to sentence Mr.
2    Scott with the downward departure motion in roughly the
3    middle of the guideline range, in the reduced range.  I don't
4    think his -- although, as you all know, I view very seriously
5    any weapons offense because of the danger that occurs as a
6    result of them.  Weapons are placed in the hands of criminals
7    who injure innocent people and very often law enforcement
8    officers.  I view that very seriously.
9    However, I do not think that Mr. Scott's record is
10   the worst, and the guidelines are calculated with points
11   added for the number of weapons, and he got 4 criminal
12   history points for that but was sort of at the lower end of
13   that number of weapons in that category.  So for all of those
14   reasons I'm going to place him in the middle of the guideline
15   range of a sentence of 84 months.
16   Pursuant to the Sentencing Reform Act of 1984 it's
17   the judgment of the Court that the defendant Wayne Scott is
18   hereby committed to the custody of the Bureau of Prisons to
19   be imprisoned for a term of 84 months.  This term consists of
20   60 months on Count 1 and 24 months on Count 2 to be served
21   consecutively.
22   The Court finds that the defendant has some ability
23   to pay a fine.  Accordingly it's further ordered that the
24   defendant pay to the United States the sum of $1,200,
25   consisting of a fine of $500 and a special assessment of $100

1   on each of the two counts.  The fine and special assessment
2   shall be paid through the Clerk of Court.  They are due in
3   full immediately and are payable during the period of
4   incarceration with any balance to be paid within 2 years of
5   the defendant's release from custody.
6           On release from imprisonment the defendant shall be
7   placed on supervised release for a term of 2 years.  Within
8   72 hours of release from the custody of the Bureau of Prisons
9   the defendant shall report in person to the probation office
10  in the district to which he's released.
11          While on supervised release the defendant shall
12  comply with the standard conditions that have been adopted by
13  the Court and with the following additional conditions:  The
14  defendant shall pay any balance of the fine imposed by this
15  judgment that remains unpaid at the commencement of the term
16  of supervised release in minimum monthly installments of not
17  less than $50.  The defendant shall submit to one drug test
18  within 15 days of release from custody and at least two
19  periodic drug tests thereafter.
20          Mr. Scott, you should know that you do have a right
21  to appeal your conviction if you believe that your guilty
22  plea was somehow unlawful or involuntary or perhaps that
23  there was some other fundamental defect in the proceedings
24  that you didn't waive by entering a guilty plea.  You also
25  have a statutory right to appeal your sentence under certain

8

limited circumstances, particularly if you think the sentence I now impose is contrary to law. With very few exceptions any notice of appeal would have to be filed within 10 days after sentence is imposed on you.

If you're not able to pay the costs of an appeal, you could apply for leave to appeal in forma pauperis and ask that the clerk prepare a notice of appeal on your behalf.

The basis for the sentence is as follows: The Court adopts the factual findings and guideline application in the presentence report. The fine is below the guideline range because of this defendant's inability to pay. The sentence departs from the guideline range on motion of the government as a result of this defendant's substantial assistance.

Anything else for the record, counsel?

MS. SMITH: Your Honor, Mr. Scott has been in since what, 10, October, '01?

THE DEFENDANT: Yes.

MS. SMITH: We would like any credit.

THE COURT: The bureau will credit him.

MS. SMITH: Okay.

THE DEFENDANT: I want to know -- I wanted to go to a particular jail, if it was possible. I wanted to know could I request a recommendation from you please.

THE COURT: Yes, where is that, Mr. Scott?

1            THE DEFENDANT:  Loretto.

2            THE COURT:  I'm sorry.

3            THE DEFENDANT:  Loretto.

4            THE COURT:  I'll make that request, and, of course,

5   I'm sure Miss Smith has told you it's entirely up to the

6   Bureau of Prisons, but I'll make that request on your behalf.

7            THE DEFENDANT:  Thank you.  I appreciate that.

8            MS. SMITH:  Thank you.  Thank you, Your Honor.

9            THE COURT:  We'll be in recess.

10           (The proceedings concluded.)

11

12           I hereby certify that the proceedings and evidence

13  of the court are contained fully and accurately in the notes

14  taken by me on the sentencing of the within cause and that

15  this is a correct transcript of the same.

16                              *Monica L. Zamiska*

17                              Monica L. Zamiska, RPR

18                              Official Court Reporter